AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| THOMAS MARTIN<br>JOHN ROCK | CASE NUMBER: 6:07-MJ- 1048-01 ; 02 |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between on or about February 4, 2007 and continuing through on or about February 9, 2007, in Orange County, in the Middle District of Florida, defendant(s) did, knowingly, intentionally and willfully combine, conspire, confederate and agree with each other and others known and unknown to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C); and *John Rock* did knowingly possess a firearm as a prohibited person, in violation of Title 18, United States Code, Section(s) 922(g). I further state that I am a(n) Special Agent with Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Kevin M. Farrington

Sworn to before me and subscribed in my presence,

February 10, 2007                              at              Orlando, Florida

The Honorable Karla R. Spaulding
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

State of Florida                                                Case No.: 6:07-MJ-1048,01 i 02

Orange County

    I, Kevin M. Farrington, being duly sworn, deposes and say:

    1.    I have been a Special Agent of the FBI for approximately 8 years. I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law enforcement agents and witnesses, and on my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    2.    For purposes of this application, I hereby incorporate by reference, as if fully set forth herein, the affidavit made by FBI Special Agent Alexis M. Albano, in case number 6:07-MJ-1047. I have reviewed that affidavit and affirm that all statements therein are true. For purposes of this affidavit, I will refer to the house at 5629 Lesser Drive, Orlando, Florida, as "the residence."

    3.    On February 9, 2007, CW met with Rock and Martin. The CW was wearing a recording device during the meeting. Martin had left the residence with a female associate before the CW arrived. Rock told the CW that Martin planned to meet with CW and Rock later to assist them in the robbery.

    4.    On February 9, 2007, at approximately 6:00 p.m., CW and Rock left the residence in the CW's vehicle. While under law enforcement surveillance, CW and Rock traveled from the residence to the Creekwood Village North and then to the Villa

Del Mar Apartment Homes in Altamonte Springs, Florida.   When they arrived at the Villa Del Mar Apartment Homes law enforcement agents saw Rock get out of the vehicle and walk approximately 50 yards away from the vehicle. A white van pulled up to Rock. It appeared that Rock and the driver of the white van had a brief conversation and exchanged something. Based on the investigation to date, my training and my experience, I believe that Rock bought drugs from the driver of the white van.

5. After the transaction, Rock returned to the CW's vehicle and got inside. The CW then drove out of the Villa Del Mar Apartment Homes complex toward the Rock/Martin residence. While en route, I contacted the CW on his cellular telephone. During the conversation, the CW informed me that Rock had actually purchased cocaine base, commonly referred to as "crack cocaine," from the driver in the white van. I instructed the CW to drive to a neutral location, where law enforcement agents conducted a traffic stop and arrested Rock and the CW.[1] Upon searching Rock agents found approximately 3 grams of cocaine base, commonly referred to as "crack cocaine."

6. While getting information from the CW after Rock's arrest, Martin called the CW. Martin asked the CW if everything was "ready," and the CW responded yes. Martin told the CW that he had to get his "stuff" together and would meet the CW and Rock in approximately 30 minutes. At my direction, the CW told Martin to drive to a Krystal's restaurant in Casselberry.

7. As Martin left the residence, law enforcement agent who were watching the residence followed Martin to a Hess Gas Station at the corner of Pine Hills Road

---

[1] Agents did not actually arrest the CW, but made it appear to Rock that the CW had also been arrested.

2

and Clarcona-Occee Road. When Martin pulled into the gas station, he was arrested. Martin was dressed completely in black clothing.

8. After Martin was in custody, agents searched his car and discovered a black ski mask on the floor of the backseat, a loaded 25 caliber handgun in the glove compartment box, and two long handle flashlights in the passenger's compartment. Based on my training and experience in law enforcement, I know local law enforcement officers regularly carry similar flashlights.

9. After Martin's car had been searched, agents executed the search warrant at the residence. Inside the residence, agents found two sets of handcuffs, a Russian assault rifle, a small caliber bolt action rifle, a 12 gauge shotgun, a belt of shotgun shells, numerous boxes of ammunition, multiple magazines, a black holster, a syringes, and a camouflage flak jacket, in Martin's bedroom. Agents also found six knives and one set of brass knuckles in Rock's bedroom. In the laundry room of the house agents found a bullet proof vest.

10. Based on the above facts, I believe there is probable cause that Martin and Rock committed violations of the following offenses: 18 U.S.C. § 922(g) (weapon possession by prohibited persons) and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine base, commonly referred to as "crack cocaine"). I hereby

request a complaint be issued for Martin and Rock for the previously described offenses.

Further your affiant sayeth not.

*Kevin M. Farrington*
Special Agent Kevin M. Farrington
Federal Bureau of Investigation

Subscribed and sworn to before me this 10th day of February, 2007.

*Karla Spaulding*
The Honorable Karla R. Spaulding
United States Magistrate Judge